PD-0705-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/12/2015 3:26:07 PM
Accepted 6/12/2015 3:55:18 PM
ABEL ACOSTA
CLERK

No. 07-13-00286-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

SAMMY VIDALES,                               Appellant

v.

THE STATE OF TEXAS,                         Appellee

Appeal from Lubbock County

\*   \*   \*   \*   \*

STATE'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

June 12, 2015

ABEL ACOSTA, CLERK

\*   \*   \*   \*   \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

STACEY M. GOLDSTEIN
Assistant State's Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

## IDENTITY OF PARTIES, JUDGE, AND COUNSEL

\*      The parties to the trial court's judgment are the State of Texas and Appellant, Sammy Vidales.

\*      The trial Judge was Hon. John J. (Trey) McClendon, III.

\*      Trial counsel for the State were Robert Clay Kimbrough and Robert Withers, Assistant District Attorneys, P.O. Box 10536, Lubbock, Texas 79408.

\*      Counsel for the State before the Court of Appeals was Jeffrey S. Ford, Assistant District Attorney, P.O. Box 10536, Lubbock, Texas 79408.

\*      Counsel for the State before the Court of Criminal Appeals is Stacey M. Goldstein, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

\*      Counsel for Appellant at trial was Kelly Clark, 1601 Broadway, Lubbock, Texas, 79401.

\*      Counsel for Appellant before the Court of Appeals was Frank Seller, Hurley, Guinn, & Sellers, 1805 13th Street, Lubbock, Texas 79401.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUND FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Does a TEX. PENAL CODE § 12.42(d) first-degree habitual punishment enhancement charge that omits the sequential element render a jury's first-degree punishment assessment an "illegal sentence"?**

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-6

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

APPENDIX A (Briefing Order of the Court of Appeals)

APPENDIX B (Opinion of the Court of Appeals)

# INDEX OF AUTHORITIES

**Cases**

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). . . . . . . . . . . . . . . . 6 n.8

*Bell v. State*, 994 S.W.2d 173 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . 5 n.7

*Fletcher v. State*, 214 S.W.3d 5 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . 3-4 n.3

*Jordan v. State*, 256 S.W3d 286 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . 3 n.3, 5

*Malick v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997).. . . . . . . . . . . . . . . 4, 4 n.4

*Olivas v. State*, 202 S.W.3d 137 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . 6 n.8

*Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006).. . . . . . . . . . . . . . . . . 4 n.3

*Roberson v. State*, 420 S.W.3d 832 (Tex. Crim. App. 2013).. . . . . . . . . . . . . . . . . 4

*Saldano v. State*, 70 S.W.3d 873 (Tex. Crim. App. 2002).. . . . . . . . . . . . . . . . 3 n.2

*Vidales v. State*, 2014 Tex. App. LEXIS 12255 (Tex. App.—Amarillo Oct. 28, 2014) (not designated for publication).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 n.1

*Vidales v. State*, __ S.W.3d __, No. 07-13-00286-CR, 2015 Tex. App. LEXIS 5033 (Tex. App.—Amarillo 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Young v. State*, 14 S.W.3d 748 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . 4

**Statute**

TEX. PENAL CODE § 12.42(d).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 n.2

No. 07-13-00286-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

SAMMY VIDALES,                                                    Appellant

v.

THE STATE OF TEXAS,                                              Appellee

\* \* \* \* \*

**STATE'S PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State respectfully urges this Court to grant discretionary review.

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument.

**STATEMENT OF THE CASE**

A jury convicted Appellant of the third-degree felony offense of evading arrest. The charge on punishment included two prior sequential felony convictions under Texas Penal Code Section 12.42(d), which raised the potential punishment level to a first-degree felony. The jury was not instructed, however, that it must find that

1

the second prior offense occurred after the first prior was final.  The jury found the enhancements true and sentenced Appellant to sixty years' imprisonment.  The court of appeals held that the sentence was illegal because the jury never made the essential sequential factfinding necessary to elevate the punishment level above the second-degree range.

## STATEMENT OF PROCEDURAL HISTORY

In a published decision, the court of appeals reversed Appellant's sentence. *Vidales v. State*, __ S.W.3d __, No. 07-13-00286-CR, 2015 Tex. App. LEXIS 5033 (Tex. App.—Amarillo 2015).  The State did not file a motion for rehearing.

## GROUND FOR REVIEW

**Does a TEX. PENAL CODE § 12.42(d) first-degree habitual punishment enhancement charge that omits the sequential element render a jury's first-degree punishment assessment an "illegal sentence"?**

## ARGUMENT

The court of appeals held that Appellant's first-degree felony sentence of sixty years was illegal[1] because, although the State proved the prior convictions, the jury

---

[1] The "legality of the sentence imposed" theory was first developed by the court of appeals as unassigned error. *Vidales v. State*, 2014 Tex. App. LEXIS 12255 (Tex. App.—Amarillo Oct. 28, 2014) (not designated for publication).  Both parties addressed the issue in their supplemental briefs as jury charge error, which included analyses of egregious harm.  Appellant's Supplemental Brief, at 1-10; State's Supplemental Brief, at 1-5.  Indeed, the State conceded that Appellant suffered harm. State's Supplemental Brief, at 4-5.  The State's concession is not binding on courts, however.  *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002).

was not instructed that it had to find the priors were sequential (i.e., that the second occurred after the first was final) as required by Section 12.42(d).[2] *Vidales*, 2015 Tex. App. LEXIS 5033, at *17-19. As a result, the court reversed Appellant's punishment. *Id*. at *19.

The court of appeals erred to hold that Appellant's sentence is illegal because the jury was not required to, and therefore did not make, the sequential finding. In doing so, it improperly commingled two firmly established, but separate, legal bases—unlawful punishment and jury charge error. The distinction is important. An illegal sentence is unauthorized by law, whereas the sentence here was unauthorized by the charge yet, still, technically authorized by law. So unlike illegal sentence cases, the circumstance here does not involve a failure of proof or unauthorized enhancement.[3] Because its propriety is judged under the hypothetically correct jury charge, the omitted sequencing instruction does not implicate the legality of the

---

[2] Penal Code Section 12.42(d) states:
"if it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years."

[3] *See, e.g., Jordan v. State*, 256 S.W3d 286, 289 (Tex. Crim. App. 2008) (state failed to present evidence to prove when a prior offense was committed); *Fletcher v. State*, 214 S.W.3d 5, 9 (Tex. Crim. App. 2007) (state failed to prove finality of prior conviction); *Ex parte Rich*, 194 S.W.3d 508, 510-12 (Tex. Crim. App. 2006) (improper use of misdemeanor conviction for enhancement).

3

sentence.   In *Roberson v. State*, this Court held that *Malick v. State*'s[4] rule—that evidentiary sufficiency for an offense is measured against the hypothetically correct jury charge—applies to sufficiency of Section 12.42(d) punishment enhancements. 420 S.W.3d 832, 840-41 (Tex. Crim. App. 2013); *see also Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000) (applicable to drug-free zone element).  In this case, the hypothetically correct charge would have instructed the jury that it was required to find the priors sequential before it could assess a sentence within the first-degree range.

Applying the hypothetically correct charge, the record establishes that the State satisfied its burden to prove the requisite sequence.[5]   Appellant was convicted of the first prior felony (aggravated robbery) on March 25, 1996.[6]   State's Exhibit 22. Appellant was convicted of the second prior (burglary of a habitation) on June 19, 2008.   State's Exhibit 24.   That offense was committed on February 28, 2008, 12 years, 2 months, and 25 days after the aggravated robbery was entered.   State's Exhibit 24.

---

[4] 953 S.W.2d 234 (Tex. Crim. App. 1997).

[5]  The court of appeals seems to implicitly recognize this because it grants an entirely new punishment hearing instead of a reassessment under the second-degree felony range.

[6]  The jury charge mistakenly lists the judgment date as March 26th.  1 CR 81.

As noted above, charge error is considered without regard to the legality of a sentence. The court of appeals' remedy creates several internal conflict that demonstrate its lack of understanding of nuances of the applicable legal doctrines. On the one hand, when remanding for a new punishment hearing, the court makes a point of declining to consider whether the State can seek additional findings under Section 12.42(d) on remand—an open issue, according to the court. *Vidales*, 2015 Tex. App. LEXIS 5033, at 19 n. 6. This line of thinking assumes that evidentiary sufficiency was at issue,[7] which is not harmless. *Jordan*, 256 S.W.3d at 292 (failure to prove sequencing is never harmless). Yet, on the other hand, the court's "illegal sentence" determination rests solely on jury charge error. But, at the same time, its disposition rebuts that legal theory. Had the court applied charge error jurisprudence, it would have decided whether Appellant suffered egregious harm. Nonetheless, to the extent that court of appeals' legal basis for reversal can reasonably be construed as jury charge error, Appellant was not egregiously harmed.[8] The State proved the sequential element beyond a reasonable doubt. Further, the State explained the sequencing

---

[7] This Court has decided the issue. In *Bell v. State*, the court held that double jeopardy does not bar the State on retrial from proving up a prior for purposes of seeking a cumulated sentence. 994 S.W.2d 173, 175 (Tex. Crim. App. 1999).

[8] *See Olivas v. State*, 202 S.W.3d 137, 145 (Tex. Crim. App. 2006) (failure to submit burden of proof for deadly weapon finding subject to a harm analysis under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)).

5

requirement in its closing argument, and Appellant did not challenge the validity of the priors on that basis at trial. 6 RR 15, 19-20. If this Court construes the court's legal basis to be charge error, then the case should be remanded for a harm analysis.

This Court cannot let this opinion stand because the court of appeals' illegal sentence disposition based on charge error is unprecedented. It represents a drastic departure from, and conflicts with, this Court's illegal sentence and charge error jurisprudence. The State is aware of no other case holding that an erroneous enhancement punishment charge renders a sentence illegal, and it is doubtful that this Court would endorse such an outcome given its conflict with the relief attendant to punishment charge error.

## PRAYER

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals grant this Petition for Discretionary Review and reverse the decision of the court of appeals and reinstate Appellant's sentence.

Respectfully submitted,

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300


/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632


P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this document contains 1,086 words, exclusive of the items excepted by TEX. R. APP. P. 9.4(i)(1).

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the State's Petition for Discretionary

Review has been served on June 12, 2015, via certified electronic service provider to:


Hon. Jeffrey S. Ford
P.O. Box 10536
Lubbock, Texas 79408
JFord@co.lubbock.tx.us

Hon. Frank Seller
Hurley, Guinn, & Sellers
1805 13th Street
Lubbock, Texas 79401
frank@hurleyguinn.com


/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

9

# APPENDIX A



SAMMY VIDALES, APPELLANT v. THE STATE OF TEXAS, APPELLEE

No. 07-13-00286-CR

COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO

*2014 Tex. App. LEXIS 12255*

**October 28, 2014, Decided**

**NOTICE:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**SUBSEQUENT HISTORY:** Decision reached on appeal by, Remanded by, in part *Vidales v. State, 2015 Tex. App. LEXIS 5033 (Tex. App. Amarillo, May 15, 2015)*

**PRIOR HISTORY:** **[*1]** On Appeal from the 137th District Court, Lubbock County, Texas. Trial Court No. 2012-436,579; Honorable John J. McClendon III, Presiding.

**JUDGES:** Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

**ORDER TO REBRIEF ISSUES**

Appellant, Sammy Vidales, was convicted by a jury of evading arrest or detention with a vehicle,[1] enhanced by two prior felony convictions, and sentenced to sixty-two years confinement. By three issues, Appellant contends (1) his initial detention was not lawful because there were no specific and articulable facts supporting reasonable suspicion to detain him, (2) his trial counsel was ineffective and (3) error in the jury charge failed to instruct the jury on unanimity of the verdict regarding what he perceived to be two separate evading arrest offenses allegedly committed on the same date. The State responded to Appellant's briefing and the case was submitted to this Court on the briefs.

1 *TEX. PENAL CODE ANN. § 38.04(a)* (West Supp. 2014). Effective September 1, 2011, the offense of evading arrest with a vehicle is a third degree felony. *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Gen. Laws 2321, 2322.

In our review of the record in this case, we have discovered a previously unassigned, **[*2]** potentially meritorious issue concerning the legality of the sentence imposed. Specifically, the *Charge of the Court on Punishment* describes two prior felony convictions, each of which became "final prior to the commission of the offense of which you have just found [Appellant] guilty," i.e., the offense of evading arrest; however, it does not submit to the jury the question as to whether "the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." *See TEX. PENAL CODE ANN. § 12.42(d)* (West Supp. 2014). Accordingly, a question exists as to the appropriate range of punishment: (1) two to twenty years pursuant to *§ 12.42(a)* or (2) twenty-five to ninety-nine years pursuant to *§ 12.42(d)*.

In the interest of justice, and out of an abundance of fairness to all parties, this Court hereby assigns this issue as potential error and directs both parties to file additional briefing. Appellant is granted thirty days from the date of this order to file a supplemental brief and the State is granted thirty days from the date Appellant's supplemental brief is filed to file a reply brief.

Per Curiam

Do not publish.

# APPENDIX B



**SAMMY VIDALES, APPELLANT v. THE STATE OF TEXAS, APPELLEE**

**No. 07-13-00286-CR**

**COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO**

*2015 Tex. App. LEXIS 5033*

**May 15, 2015, Decided**

**NOTICE:**   PUBLISH.

**PRIOR HISTORY:**     [*1] On Appeal from the 137th District Court, Lubbock County, Texas. Trial Court No. 2012436579; Honorable John J. McClendon III, Presiding.
*Vidales v. State, 2014 Tex. App. LEXIS 12255 (Tex. App. Amarillo, Oct. 28, 2014)*

**JUDGES:** Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION BY:** Patrick A. Pirtle

**OPINION**

Appellant, Sammy Vidales, was convicted by a jury of evading arrest or detention with a vehicle, an offense alleged to have been committed on the 7th day of October, 2012.[1] Finding two enhancement paragraphs to be true, the jury sentenced him to sixty-two years confinement. By three issues raised through his original briefing, Appellant contends (1) his initial detention was not lawful because there were no specific and articulable facts supporting reasonable suspicion to detain him, (2) his trial counsel was ineffective, and (3) error in the jury charge failed to instruct the jury on unanimity of the verdict regarding what he perceived to be two separate evading arrest offenses on the same date. After original submission on the briefs, the parties were ordered to brief a previously unassigned, potentially meritorious issue concerning the legality of the sentence imposed.[2] By a supplemental brief, Appellant added a fourth issue contending he was egregiously harmed when the trial court authorized [*2] the jury to assess a sentence within the statutory punishment range provided by *section 12.42(d) of the Texas Penal Code* without requiring the jury to first find an element essential to the enhanced punishment range, to-wit: the sequential finality of his prior convictions.[3]

1   *TEX. PENAL CODE ANN. § 38.04(a)* (West Supp. 2014). Although formerly a state jail felony, effective September 1, 2011, evading arrest through the use of a motor vehicle is a third degree felony.
2   *Vidales v. State, No. 07-13-00286-CR, 2014 Tex. App. LEXIS 12255 (Tex. App.--Amarillo Oct. 28, 2014, no pet.)*.
3   *See TEX. PENAL CODE ANN. § 12.42(d)* (West Supp. 2014) (providing that a third degree felony is punishable by imprisonment for life, or any term of not more than 99 years or less than 25 years if it is shown that the defendant has previously been convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous felony having become final).

The State responded to Appellant's first issue with a lengthy discussion concerning reasonable suspicion to lawfully detain Appellant and then concluded "it would appear that the attempted *lawful* detention element of evading arrest or detention was not met here." Without stating what the proper disposition should be when the State fails to prove an essential element of the offense [*3]  charged, the State requests this Court to "review [the issue] under the proper standard of review, and render an appropriate judgment and decision." The State then responds to issues two and three with a conclusion they should be overruled. Finally, by its supplemental brief, the State responds to the fourth issue by conceding Appellant was egregiously harmed by the omission of an essential instruction in the punishment charge. As to this error, the State contends we should reverse the sentence and remand the case for a new trial on punishment. We affirm in part and reverse and remand in part.

BACKGROUND

Shortly after midnight on October 7, 2012, Officer Justin Anderson of the Lubbock Police Department was dispatched to an apartment complex on a domestic disturbance call. The caller described the suspect as a

black male. When Officer Anderson and his partner arrived at the complex, they exited their vehicle and proceeded to the apartment of the reporting party. The suspect had already left.

While walking back to his patrol car, Officer Anderson observed an SUV driving in the parking lot without the headlights turned on. He ran toward the SUV and shined his flashlight inside and yelled **[*4]** for the driver to stop. The driver, a Hispanic male later identified as Appellant, complied. Officer Anderson admitted that, even though he realized the driver was not the suspect they were looking for, he asked Appellant for the keys to his SUV. Appellant inquired "why" and the officer responded "because I asked you to." Instead of complying, Appellant drove away and exited the complex. The officers were not near their patrol car and did not pursue Appellant. At that time, Officer Anderson did not report to dispatch that there was an "evading detention" in progress.

Approximately five hours later, while Officer Anderson was patrolling his area of the city, he observed what he believed to be the same SUV previously encountered at the apartment complex. At that time, he activated his emergency lights and the SUV pulled over into a motel parking lot. Appellant was the driver of that vehicle. This time Appellant exited his SUV and walked toward Officer Anderson. For safety reasons, Officer Anderson drew his weapon and ordered Appellant to his knees in order to handcuff him.[4] Appellant complied. As Officer Anderson was attempting to secure the handcuffs, they got caught in Appellant's jacket **[*5]** and he began moving around as if attempting to get away. Officer Anderson discarded the handcuffs, subdued Appellant with his body weight and called for backup.

> 4    Officer Anderson testified that Appellant did not have any weapons on his person.

Appellant managed to push Officer Anderson off and proceeded to his SUV. Officer Anderson then attempted to deploy his taser, but not all of the probes made contact with Appellant and he was not completely disabled. After Appellant entered his SUV, some of the taser leads broke off. Appellant then reversed his SUV, crashing it into Officer Anderson's patrol car before exiting the motel parking lot. Backup officers pursued Appellant, and after he wrecked his SUV, he was eventually apprehended while on foot.

ISSUE ONE--LEGALITY OF DETENTION

The lawfulness of a detention is an essential element of evading arrest or detention which is reviewed for legal sufficiency. *See York v. State, 342 S.W.3d 528, 544 (Tex. Crim. App. 2011)*; *Woods v. State, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005)*. *See also Rodriguez v. State, 578 S.W.2d 419, 420 (Tex. Crim. App. 1979)* (finding evidence insufficient to find a lawful arrest where officer lacked reasonable suspicion to detain suspect). Here, Appellant alleges the State did not satisfy that element.

We disagree.

STANDARD OF REVIEW

In assessing the sufficiency of the evidence to support a criminal **[*6]** conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)*. *See also Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010)*.

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)*. In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999)*, *cert. denied*, 529 U.S. 1131, 120 S. Ct. 2008, 146 L. Ed. 2d 958 (2000). Furthermore, we must give deference to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)*.

ANALYSIS

A person commits the offense of evading arrest or detention with a vehicle if he (1) intentionally (2) flees (3) from a person he knows is a peace officer (4) attempting lawfully to arrest or detain him, and (5) he uses a vehicle while in flight. TEX. PENAL CODE ANN. §§ 38.04(a), 38.04(b)(2)(A). As to the issue of a lawful arrest or detention, the *Fourth Amendment to the United States Constitution* protects citizens from unreasonable searches and seizures **[*7]** at the hands of government officials. *Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007)*. When a person pulls over in response to a patrol car's emergency lights rather than of his own accord, an investigatory detention has occurred. *Crain v. State, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010)*. For police officers to be able to conduct an investigative detention which is lawful under the *Fourth Amendment*, they must have reasonable suspicion founded on specific, articulable facts. *Delafuente v. State, 414 S.W.3d 173, 177 (Tex. Crim. App. 2013)*. Reasonable suspicion requires more than just a hunch; it exists only when an officer has specific, articulable facts that, taken together with reasonable inferences from those facts, would lead the officer to reasonably conclude the person detained is, has been, or soon will be, engaging in criminal activity. *Crain, 315 S.W.3d at 52*; *Ford v. State, 158 S.W.3d 488, 492 (Tex. 2005)*. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.* A reasonable suspicion determination

is an objective one made by considering the totality of the circumstances. *Id. at 492-93*.

By his first issue, Appellant contends the evidence is insufficient to support Officer Anderson's initial detention at the *apartment complex*, as a lawful detention. Appellant argues Officer Anderson did not have specific, articulable facts **[*8]** to support a reasonable suspicion to detain him because, at the time of that encounter, he knew Appellant was not a black male, the subject of his pending investigation. The State has conceded that, during the encounter at the *apartment complex* Officer Anderson did not have reasonable suspicion to believe that a crime had been committed or was in progress. In that respect, we agree with both Appellant and the State that the attempted *initial* detention was not supported by adequate reasonable suspicion to warrant a lawful detention. That said, Appellant does not challenge the lawfulness of Officer Anderson's subsequent detention at the *motel parking lot*. Because the failure to sufficiently advance the analysis of an argument can result in the waiver of that issue, *Cardenas v. State, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000)*, we find Appellant has waived that issue.

Notwithstanding the waiver of this issue, it is clear from a review of the entire record that at the time of the encounter at the motel parking lot, Officer Anderson was operating in good faith, under the objective (albeit incorrect) assumption that Appellant had earlier committed the offense of evading detention. Because a police officer's reasonable mistake about past facts may justify **[*9]** his conclusion that there is reasonable suspicion for purposes of an investigatory detention, *Robinson v. State, 377 S.W.3d 712, 720 (Tex. Crim. App. 2012)*, we conclude Officer Anderson's subsequent attempted detention at the motel parking lot was supported by reasonable suspicion.

Furthermore, even if reasonable suspicion did not exist at the commencement of the detention at the motel parking lot, during that second encounter, Appellant engaged in conduct that not only merited an investigatory detention, it justified a warrantless arrest. While Appellant initially complied with Officer Anderson's requests, at some point he ceased to be cooperative and attempted to flee. Despite Officer Anderson's attempt to physically subdue him through the use of non-deadly force, he continued to be combative. At some point, Appellant reentered his SUV, crashed it into Officer Anderson's patrol vehicle, and sped off. Resisting an arrest or detention is unlawful, even if the officer attempting to effect the arrest lacks reasonable suspicion or probable cause. *TEX. PENAL CODE ANN. § 38.03(b)* (West 2011); *State v. Mayorga, 901 S.W.2d 943, 945 (Tex. Crim. App. 1995)*. Giving deference to the responsibility of the jury to weigh this evidence, we find the evidence was legally sufficient, as to the subsequent attempted detention, to establish **[*10]** Appellant's guilt as to the offense of evading arrest or detention with a vehicle. Accordingly, Appellant's first issue is overruled.

By his second issue, Appellant contends he was denied effective assistance of counsel at the guilt-innocence phase of his trial because his counsel failed (1) to request an explanatory jury instruction concerning reasonable suspicion to stop, (2) file a pretrial motion to quash the indictment, (3) compel the State to elect the prosecution event, and (4) make appropriate objections to the evidence. To support those claims, Appellant filed a motion for new trial wherein he attached an affidavit from his trial counsel stating that it was his theory that the events in question constituted one continuous evading arrest. Because Appellant's second and third complaints raise an issue with respect to counsel's theory of the case, we will address those complaints together, before addressing the first and fourth complaints.

STANDARD OF REVIEW

The adequacy of defense counsel's assistance is based on the totality of the representation rather than isolated acts or omissions. *Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)*. Although the constitutional right to counsel ensures **[*11]** the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is judged by hindsight. *Robertson v. State, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)*.

The effectiveness of counsel's representation is measured by the two-pronged test enunciated in *Strickland v. Washington. 466 U.S. 668, 687 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)* (adopting *Strickland* standard in Texas). The first prong of the *Strickland* test requires an appellant prove counsel made such serious errors that he did not function as the "counsel" guaranteed by the *Sixth Amendment. Strickland, 466 U.S. at 687*. Appellant must show that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not part of counsel's sound trial strategy. *Id. at 689-90*. If deficient assistance is established, the second *Strickland* prong requires an appellant affirmatively demonstrate prejudice; that is, a reasonable probability that, but for counsel's unprofessional errors, the outcome of the case would have been different. *Thompson, 9 S.W.3d at 812*. "Reasonable probability" means probability of a degree sufficient to undermine confidence in the outcome. *Strickland, 466 U.S. at 694*.

Our review of counsel's performance is highly deferential and a strong presumption exists that counsel's conduct fell within a wide range of reasonable professional assistance. *Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). See Strickland, 466 U.S. at 689* (noting **[*12]** there are countless ways to provide effective assistance in any given case). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly rooted in the

record. *Thompson, 9 S.W.3d at 813-14*. The showing of ineffectiveness must warrant the conclusion of a reviewing court that counsel's performance fell below an objective standard of reasonableness as a matter of law and that no reasonable trial strategy could justify counsel's acts or omissions, regardless of his subjective reasoning. *Lopez v. State, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011)*.

In the majority of cases, the record on direct appeal is simply inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance. *See Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003)* (stating "[w]e have previously stated that the record on direct appeal will generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the appellate record."). "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011)*.

Here, based on the allegations contained **[\*13]** in the indictment, there were three possible prosecution events: (1) the encounter at the apartment complex, (2) the encounter at the motel, or (3) the encounter at the motel as a continuation of the offense commenced at the apartment complex. When conduct alleged in a charging instrument can be construed as implicating more than one offense, a motion to quash is an appropriate means of forcing the State to be more specific as to the offense charged. *See State v. Draper, 940 S.W.2d 824, 826 (Tex. App.--Austin 1997, no pet.)* (holding that a trial court's decision to quash an indictment for lack of certainty in indictment's allegations is a matter within the discretion of the trial court). Furthermore, upon a proper request, a trial court is obligated to require the State to elect which of multiple instances of an offense the State was relying upon for conviction. *Phillips v. State, 193 S.W.3d 904, 909-10 (Tex. Crim. App. 2006)*. Given the facts of this case, we cannot say that trial counsel did not have a legitimate trial strategy in adopting a position that the events in question constituted a single continuous offense. Accordingly, Appellant has not established the first prong of the *Strickland* test as to these complaints.

Furthermore, as to the **[\*14]** complaints that Appellant's counsel failed to request an explanatory jury instruction concerning reasonable suspicion or make appropriate objections to the evidence, we find that the record is insufficiently developed to establish deficient performance in that regard. Where the alleged deficiency is an error of omission rather than commission, a collateral attack by means of a post-conviction writ of *habeas corpus* is generally the more appropriate vehicle by which to develop a detailed record of the alleged defective assistance. *See Freeman v. State, 125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003). See generally Massaro v. United States, 538 U.S. 500, 123 S. Ct. 1690,*

*155 L. Ed. 2d 714 (2003)* (stating that when a claim of ineffective assistance of counsel is raised on direct appeal, a trial record is usually not developed for purposes of establishing such a claim). Accordingly, Appellant's second issue is overruled.

ISSUE THREE--CHARGE ERROR REGARDING UNANIMITY OF THE VERDICT

By his third issue, Appellant contends he was prejudiced by the trial court's failure to instruct the jury that their verdict required unanimous agreement as to the prosecution event. Appellant contends the court's charge authorized a guilty verdict if half of the jury thought he was guilty of evading detention at the apartment complex, while the other half **[\*15]** thought he was guilty of evading detention at the motel parking lot. The State contends unanimity is not a question because there was only one evading detention or arrest offense presented at trial. While we disagree with the State's position, we nonetheless find the question does not present reversible error.

Where the offense in question is a single offense with multiple or alternate methods of commission, unanimity is required with respect to all essential elements of the offense, even though jurors are not required to unanimously agree on the specific method of committing that offense. *Miranda v. State, 391 S.W.3d 302, 310 (Tex. Crim. App. 2012)*. A jury is entitled to return a general verdict where evidence of an alternative manner and means of committing the charged offense is submitted to the jury. *Young v. State, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011)*. Here, the indictment merely averred that Appellant "on or before the 7th day of October, A.D. 2012, did then and there, while using a vehicle, intentionally flee from [Officer Anderson], a person [Appellant] knew was a peace officer who was attempting lawfully to arrest or detain the defendant." Even though the jury could have concluded Appellant committed that offense in more than one manner, the gravamen of the offense has always been an **[\*16]** evading detention offense alleged to have been committed on October 7, 2012. Appellant's third issue is overruled.

ISSUE FOUR--ILLEGAL SENTENCE

By the fourth issue contained in his *Supplemental Brief*, Appellant contends his sentence is an illegal sentence because it exceeds the maximum sentence for a second degree felony. We agree.

With admirable candor, the State concedes (1) the trial court's punishment charge erroneously fails to require the jury to find sequential finality of the prior felony conviction as required by *section 12.42(d) of the Texas Penal Code* and *Jordan v. State, 256 S.W.3d 286, 290-91 (Tex. Crim. App. 2008)*, and (2) Appellant suffered egregious harm from the lack of a jury instruction requiring the jury to find the second previous felony conviction was for an offense that occurred

subsequent to the first previous felony conviction having become final. As to this error, the State admits we should reverse the sentence and remand the case for a new trial on punishment.

With certain exceptions not applicable to the facts of this case, if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony, on conviction the defendant shall be punished for a felony of the second degree. **[\*17]** [5] *TEX. PENAL CODE ANN. § 12.42(a)* (West Supp. 2014). Furthermore, again with certain exceptions not applicable here, if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction was for an offense that occurred subsequent to the first previous felony conviction having become final, on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than 99 years or less than 25 years. *TEX. PENAL CODE ANN. § 12.42(d)* (West Supp. 2014).

> [5] While an offense may be "punished" as a higher degree of felony, for purposes of the judgment, the offense remains the same "level of offense" provided by the particular statute under which the conviction was obtained. *Ford v. State, 334 S.W.3d 230, 235 (Tex. Crim. App. 2011)* (holding that while the punishment level may have been increased, the "level of offense" was not increased).

In this case, the indictment alleged three prior felony convictions. The State waived the second enhancement and proceeded to trial on the basis of two prior convictions: (1) the offense of aggravated robbery in cause number 94-419,354 and (2) the offense of burglary of a habitation in cause number 2008-419,494. **[\*18]** While the State did prove up these prior felony convictions, the jury was never instructed that it had to find the second previous felony conviction was for an offense that occurred subsequent to the first previous felony conviction having become final. Consequently, the jury never made an essential fact finding necessary to elevate the range of punishment to confinement for a minimum term of 25 years in accordance with *section 12.42(d)*. *Id.*

Based upon the findings of the jury, the lawful range of punishment for the offense for which Appellant was convicted was that of a second degree felony, i.e., by imprisonment for any term of not more than twenty years or less than two years and by a fine not to exceed $10,000. *TEX. PENAL CODE ANN. § 12.33* (West 2011). Because the term of confinement assessed exceeds the maximum term allowable by law, the punishment assessed is illegal. *Ex parte Parrott, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013)*; *Farias v. State, 426 S.W.3d 198, 200 (Tex. App.--Houston [1st Dist.] 2013, pet. ref'd)* (holding that a sentence outside the statutory range of punishment for an offense is void and must be reversed, *citing Hern v. State, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994))*. Accordingly, Appellant's fourth issue is sustained.

CONCLUSION

That portion of the verdict and judgment pertaining to Appellant's conviction is affirmed, while that portion of the verdict and judgment pertaining to Appellant's **[\*19]** punishment is reversed and this cause is remanded to the trial court for a new punishment trial pursuant to *article 44.29(b) of the Texas Code of Criminal Procedure*. In remanding this cause for a new punishment hearing, we express no opinion as to appropriate range of punishment on retrial.[6]

> [6] Based upon the jury findings from the first trial, the appropriate range of punishment would be that of a second degree felony. The question of whether the State can seek additional findings on retrial regarding the applicability of *section 12.42(d) of the Texas Penal Code* was not an issue before us and we expressly decline the opportunity to offer an opinion on that question without adequate briefing.

Patrick A. Pirtle

Justice

Publish.