PD-0705-15

PD-0705-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/9/2015 4:43:45 PM
Accepted 7/10/2015 4:03:14 PM
ABEL ACOSTA
CLERK



OFFICE OF
**STATE PROSECUTING ATTORNEY**
P.O. BOX 13046
CAPITOL STATION
AUSTIN, TX 78711
(512) 463-1660

FILED IN
COURT OF CRIMINAL APPEALS

July 9, 2015

July 10, 2015

Honorable Abel Acosta
Clerk of the Court
P.O. Box 12308, Capitol Station
Austin, Texas 78711

ABEL ACOSTA, CLERK

*Re: The State of Texas v. Sammy Vidales*, PD-0705-15 (No. 07-13-00286-CR)


Dear Mr. Acosta,

The Seventh Court of Appeals issued its decision on May 15, 2015. *See Vidales v. State*, __ S.W.3d __, No. 07-13-00286-CR, 2015 Tex. App. LEXIS 5033 (Tex. App.—Amarillo 2015). The State Prosecuting Attorney filed her petition for discretionary review in this Court on June 12, 2015. This week, on July 7, 2015, the Seventh Court of Appeals withdrew its May 15th opinion and issued a substitute opinion. *See Vidales v. State*, __ S.W.3d __, No. 07-13-00286-CR, 2015 Tex. App. LEXIS 5033 (Tex. App.—Amarillo 2015) (substitute). Citing Texas Rule of Appellate Procedure 19.1(a),[1] the court stated:

> This court's plenary power expires sixty days after judgment if no time
> filed motion for rehearing is pending. On June 15, 2015, Appellant did

---

[1] That Rule provides: "A court of appeals' plenary power over its judgment expires:  (a) 60 days after judgment if no timely filed motion for rehearing or en banc reconsideration, or timely filed motion to extend time to file such a motion, is then pending . . . ."

file a motion for rehearing; however, that motion was not timely filed. Although the State filed a *Petition for Discretionary Review,* it did not file a motion for rehearing; therefore, no timely filed motion for rehearing is currently pending.

2015 Tex. App. LEXIS 5033, at \*2 n.1.

Contrary to the Amarillo Court's determination, it lost jurisdiction over the appeal once the State Prosecuting Attorney's petition was filed. *Ex parte Shaw*, 395 S.W.3d 819, 819 (Tex. Crim. App. 2013) (per curiam).

In *Ex parte Shaw*, as in this case, the court of appeals withdrew its original opinion and issued a substitute opinion after the State filed its PDR. *Id*. This Court held, "This second opinion [was] not permitted since Rule 50 of the Texas Rules of Appellate Procedure was abolished on July 12, 2011. Accordingly, when a petition for discretionary review is filed, the appellate court loses authority to issue an opinion." *Id*. Declaring the second opinion to be unauthorized, the Court ordered it to be withdrawn and reinstated the court of appeals' first opinion. *Id*.

Additionally, the court of appeals' reliance on Rule 19.1(a) is misplaced. Its plenary jurisdiction was terminated when this Court assumed jurisdiction upon the filing of the State's PDR.

The State Prosecuting Attorney therefore requests that this Court order the Amarillo Court's to withdraw its unauthorized substitute opinion and reinstate its May 15th decision and rule on the State's PDR.[2]

Sincerely,

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632

cc:  Hon. Jeffrey S. Ford
     Hon. Frank Seller

---

[2] Because Appellant's motion for rehearing was untimely filed, there is no issue as to whether the Amarillo Court retained jurisdiction despite the State's PDR.