

IN THE
TENTH COURT OF APPEALS

No. 10-19-00352-CR

FRANCISCO PEREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 18-01728-CRF-272

MEMORANDUM OPINION

Francisco Perez was convicted of evading arrest with a vehicle. *See* TEX. PENAL CODE § 38.04(b)(2)(A). He was sentenced to four years in prison. Because the evidence was sufficient to support his conviction, and because any error in admitting extraneous offense evidence and in failing to give a contemporaneous limiting instruction was harmless, the trial court's judgment is affirmed.

**BACKGROUND**

Perez was in the driver's seat of a vehicle parked in Williamson Park, in the City of Bryan, after the park had closed for the night. Officer Steven Laughlin, in an attempt

to inform Perez of the park curfew violation, walked up to the passenger-side of the vehicle, shined his flashlight inside the vehicle, and motioned the occupants to roll the window down. Rather than rolling down a window, Perez locked the doors and quickly backed out of the parking space, narrowly missing the officer. After avoiding the vehicle, Laughlin ran to his patrol car and attempted to enter it. Because Perez was then heading his vehicle toward Laughlin, Laughlin threw open his driver's side door and ran to the back of the patrol car. Perez continued to quickly proceed out of the parking lot, sideswiping the patrol car on his way out, and again, narrowly avoiding hitting Laughlin. Perez could not be located that night and was arrested later pursuant to a warrant.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Perez complains the evidence is insufficient to support his conviction because:

1) the evidence fails to establish beyond a reasonable doubt that Perez knew the officer was attempting to arrest or detain Perez and,

2) the evidence fails to establish beyond a reasonable doubt that the officer had reasonable suspicion to detain Perez.

Specifically, Perez argues that the evidence is insufficient to establish the requisite knowledge on the part of Perez that Laughlin was attempting to detain or arrest him. Perez also argues the State had not proved beyond a reasonable doubt that Laughlin had a reasonable suspicion to detain Perez because, due to the City's failure to properly designate the hours when the park was closed, Perez was not in violation of any law establishing a park curfew.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.
>
> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the

offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A person commits an offense if he intentionally flees from a person he knows is a peace officer … attempting lawfully to arrest or detain him. TEX. PENAL CODE § 38.04(a). A defendant's knowledge that a police officer is trying to arrest or detain him is an essential element of the offense of evading arrest or detention. *See Jackson v. State,* 718 S.W.2d 724, 726 (Tex. Crim. App. 1986); *Duvall v. State*, 367 S.W.3d 509, 511 (Tex. App.—Texarkana 2012, pet. ref'd); *Hobyl v. State*, 152 S.W.3d 624, 627 (Tex. App.—Houston [1st Dist.] 2004), *pet. dism'd, improvidently granted*, 193 S.W.3d 903 (Tex. Crim. App. 2006) ("[T]he accused must know that the person from whom he flees is a peace officer attempting to arrest or detain him."). There is no dispute that Laughlin was a police officer. The issue is whether there is sufficient evidence from which the jury could reasonably infer beyond a reasonable doubt that Perez knew Laughlin was trying to arrest or detain him.

Laughlin testified that at a little after midnight, he observed a vehicle with three people inside parked in a parking lot at the park. The vehicle's occupants were in the park past park hours. After he parked his patrol unit, and for officer safety, he made a passenger-side approach to the vehicle. The vehicle had been turned off. It was started as Laughlin was reading the license plate. Laughlin tapped on the passenger window and signaled the occupants, twice, to roll the window down. He had a flashlight on and angled its beam into the vehicle so he could see into it. Laughlin made eye contact with the driver who was later identified as Perez. Perez then locked the doors, looked at

Laughlin again, and put the vehicle into reverse. Laughlin knew that Perez locked the doors because he could see Perez push a button on the side of his door and could hear the locks lock. Based on the evidence,[1] we conclude that any rational trier of fact could have found that, beyond a reasonable doubt, Perez knew Laughlin was a peace officer attempting to detain Perez.

Perez also argues the evidence is insufficient to establish a reasonable suspicion to detain Perez because, due to the City's failure to properly designate the hours when the park was closed, Perez was not in violation of any law establishing a park curfew. The lawfulness of a detention is an essential element of evading arrest or detention which is reviewed for legal sufficiency. *Vidales v. State*, 474 S.W.3d 274, 279 (Tex. App.—Amarillo 2015, pet. ref'd); *see Crawford v. State*, 355 S.W.3d 193, 196 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

Officer Laughlin testified that the attempted detention of Perez was for a violation of the City's curfew ordinance for the park. Williamson Park is closed from 11:00 p.m. to 5:00 a.m. Perez was observed in the park at a little after midnight. Although Laughlin agreed that the park hours were not posted at the entrance to the park as required by city ordinance, he testified there were three signs in the park showing the park hours: one

---

[1] In this proceeding, we were unable to view one of the video exhibits. The source of the problem is not clear, but we have worked with the reporter to get a viewable file; and all our efforts, including working with the Office of Court Administration, has failed to result in a viewable file. The record contains selected still shots taken from the video. The parties have not asserted that the inability to view the entire video has in any way impaired their ability to present the legal issues on appeal. Based on the foregoing, we are confident that our ability to view the entire video has not compromised our ability to resolve the legal issues in this proceeding. Accordingly, we have proceeded to a disposition of this appeal without the complete video file having been filed as part of the reporter's record.

faced the skate park, one faced a pavilion and a bridge, and one faced the east side of the parking lot. Laughlin pointed out in a video admitted into evidence where Perez drove past one of the park hours signs. Accordingly, based on the evidence, we conclude that any rational trier of fact could have found that, beyond a reasonable doubt, Laughlin had reasonable suspicion to detain Perez for violation of the park curfew.

Perez's first issue is overruled.

**EXTRANEOUS OFFENSE EVIDENCE**

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016). The trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*. at 83.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. TEX. R. EVID. 404(b). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id*. The standard of admissibility for extraneous offense evidence is proof beyond a reasonable doubt. *Harrell v. State*, 884 S.W.2d 154, 159 (Tex. Crim. App. 1994). *See also Fischer v. State*, 268 S.W.3d 552, 557 (Tex. Crim. App. 2008) ("This Court's decision in *Harrell* was meant only to clarify the standard that a trial court applies in admitting this evidence.").

In his second issue, Perez does not challenge whether the evidence was admissible to prove something other than character conformity. Rather, Perez contends the trial court erred in admitting the extraneous offense because the State did not prove beyond a

reasonable doubt that Perez committed the act. Specifically, Perez contends there is a lack of affirmative links between Perez and the Cigarillo package found or any marijuana.[2]

Laughlin testified that a Cigarillo package and loose tobacco were later found on the ground on the passenger side area of where Perez's car had been. Photographs of the package and the tobacco on the ground were admitted into evidence. Laughlin believed the tobacco to be fresh because it was light brown-colored and had not yet blown away. He said that over a period of time, loose tobacco will turn a darker color, and he implied that older tobacco would blow away. Laughlin then testified that, often, Cigarillos are bought and "gutted," *i.e.*, the tobacco taken out, and the wrappings are used to roll and then smoke marijuana or K2, synthetic marijuana, cigarettes. Laughlin acknowledged that he was not able to see if there was any marijuana inside the car. He also acknowledged that he could not smell marijuana coming from Perez's vehicle because the windows were up and because he "didn't have enough time, really." He also admitted that he was not saying Perez was the one who put the package or the tobacco on the ground or that Perez was smoking either marijuana or K2.

---

[2] The State argues that Perez's issue is not preserved for review because he never renewed his objection at the close of the evidence or requested that the jury be instructed to disregard the evidence. The State relies on an unpublished opinion advocating the need for preservation when the trial court conditionally admits evidence that initially appears irrelevant on the condition that the proponent of the evidence introduces additional evidence demonstrating relevancy at a later time. *See Ross v. State*, No. 06-18-00174-CR, 2019 Tex. App. LEXIS 4404, at *10 (Tex. App.—Texarkana May 30, 2019, pet. ref'd) (not designated for publication). The evidence complained about here was not admitted conditionally; thus, Perez was not required to object at the end of the presentation of the evidence to preserve his complaint for appellate review. As it was, Perez objected at every opportunity at the time the evidence was admitted and being discussed, and even obtained a running objection.

This testimony does not prove beyond a reasonable doubt that Perez committed an extraneous offense or bad act by gutting Cigarillos and replacing the tobacco with marijuana or K2. The State, however, contends it did not have to prove the extraneous offense beyond a reasonable doubt because the evidence was admitted as same-transaction contextual evidence.

Evidence of an extraneous crime, wrong, or act may be admissible as same-transaction contextual evidence where several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, of any one of them cannot be given without showing the others. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (internal quotations and citations omitted). The jury is entitled to know all relevant surrounding facts and circumstances of the charged offense. *Id.* But, under Rule 404(b), same-transaction contextual evidence is admissible only when the offense would make little or no sense without also bringing in that evidence; and it is admissible only to the extent that it is necessary to the jury's understanding of the offense. *Id.*

Based on this record, the offense makes sense, as it is, without the extraneous offense evidence. The underlying offense of evading and the extraneous offense were not so connected that proof of either one of them could not be given without showing the other. Accordingly, the trial court abused its discretion in admitting the contested evidence.

*Harm Analysis*

We cannot say that Perez was harmed by the error. The erroneous admission of extraneous-offense evidence is non-constitutional error. *Graves v. State*, 452 S.W.3d 907, 914 (Tex. App.—Texarkana 2014, pet. ref'd). Thus, an appellate court must disregard non-constitutional error that does not affect a criminal defendant's "substantial rights." *See* TEX. R. APP. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). Under that rule, we may not reverse for non-constitutional error if we, after examining the record as a whole, have fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *Id.* If the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand. *Thomas v. State*, 505 S.W.3d 916, 926 (Tex. Crim. App. 2016).

In this case, the evidence of evading detention was overwhelming. Further, as to the extraneous offense, Laughlin acknowledged that 1) he was not able to see if there was any marijuana inside the car, 2) he could not smell marijuana coming from Perez's vehicle, and 3) he was not saying Perez was the one who put the package or the tobacco on the ground or that Perez was smoking either marijuana or K2. Further, only the Cigarillo package, and photographs of the Cigarillo package, a small amount of trash, and possible tobacco, were admitted into evidence. The possible use of the Cigarillo wrappers was not discussed again during the trial, and the topic of marijuana was not mentioned again until the State's argument at the end of the guilt/innocence phase of the trial. Accordingly, after examining the record of the trial as a whole, we have fair assurance that the admission of the extraneous offense evidence did not have a

substantial and injurious effect or influence in determining the jury's verdict.

Perez's second issue is overruled.

## LIMITING INSTRUCTION

In his third issue, Perez asserts that the trial court abused its discretion by refusing Perez's request for a contemporaneous limiting instruction upon the admission of extraneous evidence. Upon proper request, a limiting instruction is to be given at the time the evidence is admitted. TEX. R. EVID. 105(a); *Rankin v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996) (op. on orig. submission)). A trial court does not have the discretion to postpone it. *Id.* Perez asserts, and the record supports his assertion, that he properly requested a limiting instruction when the evidence was admitted.

The State argues that a limiting instruction is not required when evidence is admitted as same-transaction contextual evidence, as it was in this case. *See Castaldo v. State*, 78 S.W.3d 345, 352 (Tex. Crim. App. 2002); *Wesbrook v. State*, 29 S.W.3d 103, 114-15 (Tex. Crim. App. 2000). We have found, however, that the trial court abused its discretion in admitting the evidence as same-transaction contextual evidence. Thus, the trial court also abused its discretion is failing to give a contemporaneous limiting instruction upon Perez's proper request.

### *Harm analysis*

The error is once again harmless. The failure to give a timely limiting instruction pursuant to Rule of Evidence 105(a) is non-constitutional error. *See Jones v. State*, 119 S.W.3d 412, 424 (Tex. App.—Fort Worth 2003, no pet.). In addition to the reasons for finding no harm in Perez's second issue, we note that the trial court ultimately gave a

limiting instruction in the court's charge to the jury, the extraneous offense was not more heinous than the charged offense, and the introduction of the evidence and the court's charge were not too far apart—the evidence was introduced in the morning of the last day of guilt/innocence and the charge was read after lunch on the same day. *See Jones v. State*, 944 S.W.2d 642, 654 (Tex. Crim. App. 1996); *Jones*, 119 S.W.3d at 424-25. Accordingly, after examining the record of the trial as a whole, we have fair assurance that the failure to give a contemporaneous limiting instruction did not have a substantial and injurious effect or influence in determining the jury's verdict.

Perez's third issue is overruled.

**CONCLUSION**

Having overruled each of Perez's issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion delivered and filed October 20, 2021
Do not publish
[CR25]



Perez v. State                     Page 11